UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JASON BEVERLY,

                       Plaintiff,

                -against-

Police Officer CORRINA GOMEZ, Shield No. 9881; Sergeant ADAM DONOFRIO, Shield No. 3932; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 5961 (RMB)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jason Beverly ("plaintiff" or "Mr. Beverly") is a resident of the State of New York.

7. Defendant Police Officer Corrina Gomez, Shield No. 9881 ("Gomez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gomez is sued in her individual and official capacities.

8. Defendant Sergeant Adam Donofrio, Shield No. 3932 ("Donofrio"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Donofrio is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 4:30 a.m. on July 19, 2014, Mr. Beverly was lawfully working at Mystique, "a gentlemen's club," ("Club") located at 354 West Street in Manhattan.

13. Mr. Beverly had witnessed one of the dancers assault a Club employee.

14. Upon information and belief, the police were called to the scene and arrived shortly thereafter.

15. Mr. Beverly observed defendants begin to arrest the victim of the assault.

16. From a reasonable distance and in a conversational tone, Mr. Beverly calmly informed defendants that he had observed the assault and that they were arresting the victim.

17. A defendant officer proceeded to arrest the victim and then said, in sum, "take him too."

18. Defendants, without probable cause or reasonable suspicion to believe he had committed any crime or offense, then arrested and tightly handcuffed Mr. Beverly.

19. Plaintiff was illegally searched and no contraband was found.

20. Mr. Beverly was taken to the 6th Precinct.

21. At the precinct, Mr. Beverly remained tightly handcuffed and was also shackled at his feet.

22. Plaintiff sustained bruising and swelling to his wrists from the unreasonably tight handcuffs.

23. Defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff engage in disorderly conduct and prepared false paperwork.

24. At no point did the officers observe Mr. Beverly commit any crime or offense.

25. Mr. Beverly was taken to Manhattan Central Booking.

26. Plaintiff was arraigned in New York County Criminal Court, where the criminal charges were immediately adjourned in contemplation of dismissal.

27. After approximately nineteen hours in custody, Mr. Beverly was released.

28. Mr. Beverly suffered damage as a result of defendants' actions. He was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual defendants created false evidence against plaintiff.

40. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

41. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      December 9, 2014
            New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Gabriel Harvis
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    gharvis@hwf.nyc

                                    *Attorneys for plaintiff*